JUSTICE REGISTER
dissenting.
¶20 I respectfully dissent from the majority’s conclusion to affirm the District Court and deny Ms. Braach reimbursement for her attorney fees. I would remand this matter back to the District Court for a determination of her reasonable attorney fees.
¶21 The majority has correctly stated that it is well established in Montana that a party in a civil action is generally not entitled to fees absent a specific contractual or statutory provision. Certainly, in this case there was no contract between Braach and Graybeal which could serve as a basis for the award of attorney fees, nor does any Montana statute explicitly provide Braach a right to recover attorney fees in this situation. In my view, however, I would expand the Foy doctrine in a limited fashion to cover this situation.
¶22 The District Court determined that the recall petition against Braach was deficient on its face. The Montana Recall Act specifically provides that an election administrator must review a recall petition before it is circulated among the electorate. See § 2-16-617(3), MCA. Election administrators have an affirmative obligation to prevent defective petitions from circulating in the public. See Steadman v. Holland (1982), 197 Mont. 45, 53, 641 P.2d 448, 453.
¶23 Braach did not initiate the recall election process nor did she have any role in drafting the recall petition. Graybeal’s decision to proceed with the recall election inserted Braach into a recall election which was, on its face, legally defective. With the election eminent, Braach had no other option than to file this action to stop the process. *144 Braach was essentially forced to protect her interest in the elected position by initiating this action to enjoin the defective recall petition. Her action to enjoin the election based on the defective petition was in the nature of a defensive response even though she was required to initiate the injunctive action. There is a public interest component of Braach’s suit, which she filed to protect her elected office from a fatally defective recall petition. The expense of protecting the public interest and the democratic process should not be borne by elected officials such as Braach.
¶24 I would expand Foy to include situations such as this where an elected official is compelled to set aside a defective recall petition.